FILED

JUL 02 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                          )   BAP Nos.  CC-14-1186-DTaKu
                                )
JAMES ELLIS ARDEN,              )   Bk.  No.  13-13879-VK
                                )
            Debtor.             )   Adv. No.  13-01164-VK
_____ )
JAMES ELLIS ARDEN,              )
                                )
            Appellant,          )
                                )
v.                              )   **M E M O R A N D U M**[1]
                                )
MARTINA A. SILAS,               )
                                )
            Appellee.           )
_____ )

Argued and Submitted on June 18, 2015
at Pasadena, California

Filed - July 2, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Victoria S. Kaufman, Bankruptcy Judge, Presiding

Appearances:   Appellant James Ellis Arden and appellee Martina
               A. Silas argued pro se.

Before: DUNN, TAYLOR and KURTZ, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Prepetition, Martina Silas obtained a state court judgment against the debtor, James Arden, for malicious prosecution. One month after the debtor filed his chapter 7 bankruptcy petition, Ms. Silas initiated an adversary proceeding to except the state court judgment from discharge under § 523(a)(6). The debtor moved to dismiss the adversary proceeding under Civil Rule 12(b)(6).[2] Before responding to the motion to dismiss, Ms. Silas moved for summary judgment on her complaint ("summary judgment motion"). The bankruptcy court granted summary judgment in Ms. Silas's favor, giving issue preclusive effect to the state court judgment. It also denied the debtor's motion to dismiss.

The debtor appeals the bankruptcy court's orders granting Ms. Silas's summary judgment motion and denying his motion to dismiss.[3] We AFFIRM the bankruptcy court's denial of the debtor's motion to dismiss, but VACATE and REMAND the bankruptcy court's summary judgment decision for further proceedings consistent with this memorandum decision.

---

[2] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

[3] In his notice of appeal, the debtor neither listed nor included a copy of the bankruptcy court's order denying his motion to dismiss. However, in the statement of issues on appeal, he did disclose his contentions regarding the bankruptcy court's denial of his motion to dismiss. We thus address his related arguments here.

**FACTS**[4]

A.   Ms. Silas as counsel in the personal injury action

Both Ms. Silas and the debtor are attorneys.  Fifteen years ago, Ms. Silas represented Ross Gunnell in a personal injury action against his former employer, Metrocolor Laboratories, Inc. ("Metrocolor"), and others for injuries allegedly sustained from exposure to a hazardous chemical substance Metrocolor required Mr. Gunnell to use to clean its film processing laboratories. Although Ms. Silas alleged several causes of action on Mr. Gunnell's behalf, including battery, intentional infliction of emotional distress and fraud, only the battery cause of action was presented to the jury at trial.[5]  Also, only Metrocolor remained as a defendant in the personal injury action at trial, as Ms. Silas had settled with the other defendants.

When conducting her legal research and factual investigations for the personal injury action, Ms. Silas knew that the California Workers' Compensation Act ("WCA") generally provided the exclusive remedy for employees who have sustained work-related injuries.  That is, the WCA prohibited employees

---

[4] We have taken some of the facts from the following state court decisions: 1) Gunnell v. Silas, 2006 WL 204610 (2006); 2) Silas v. Arden, 2009 WL 5158842 (2009); 3) Gunnell v. Metrocolor Labs., Inc., 92 Cal. App. 4th 710 (2001); and 4) Silas v. Arden, 213 Cal. App. 4th 75 (2013).

[5] Although Ms. Silas filed the civil action on Mr. Gunnell's behalf, she did not file a worker's compensation claim for him. Apparently, Ms. Silas' retainer agreement provided that her legal services did not include the handling of any workers' compensation claims.  See Gunnell v. Silas, 2006 WL 204610 (Cal. Ct. App. 2nd 2006).

3

from bringing civil actions for damages against their employers unless certain statutory exceptions applied. See Cal. Labor Code §§ 3600, 3602.

She also knew that there were statutory exceptions to exclusive application of the WCA, including the exception for fraudulent concealment under Cal. Labor Code § 3602(b)(2). This exception allowed an employee to bring a civil action against his employer where the employee's injury was aggravated by the employer's fraudulent concealment of the injury's existence and its connection with the employee's employment. Ms. Silas knew that the fraudulent concealment exception did not apply where the employer first learned of the injury from the employee.

Based on her discussions with Mr. Gunnell, Ms. Silas did not believe that his personal injury action fell within the fraudulent concealment exception. She nonetheless asserted it out of an abundance of caution.

Later, during pretrial discovery, Ms. Silas came across a medical insurance form showing that Mr. Gunnell had sought medical care for his hands a few days after he began working for Metrocolor and that he had blamed the cleaning solution for his hands' condition. Consequently, she abandoned her argument concerning the fraudulent concealment exception.

At trial, the jury returned a substantial verdict in Mr. Gunnell's favor. However, on Metrocolor's motion for judgment notwithstanding the verdict, the trial court overturned the verdict. It determined that the WCA's exclusive remedy provision barred Mr. Gunnell's personal injury action against Metrocolor, especially in light of Johns-Manville Prods. Corp. v.

4

<u>Superior Court</u>, 27 Cal. 3d 465 (1980), a California supreme court decision. (<u>Johns-Manville</u> held that the WCA provided the exclusive remedy for toxic exposure injuries in the workplace.) The trial court further determined that Mr. Gunnell's battery cause of action did not fall within the fraudulent concealment exception.

The appellate court affirmed the trial court's decision on substantially the same grounds as set forth by the trial court in its decision. <u>See</u> <u>Gunnell v. Metrocolor Labs., Inc.</u>, 92 Cal. App. 4th 710 (2001).

B.   <u>Mr. Gunnell's legal malpractice action</u>

Seven years later, acting pro se, Mr. Gunnell initiated a legal malpractice action against Ms. Silas. <u>See</u> <u>Gunnell v. Silas</u>, 2006 WL 204610 (2006); <u>Gunnell v. Silas</u>, 2009 WL 5158842 (2009). He alleged that Ms. Silas erroneously had abandoned argument on the fraudulent concealment exception and had misappropriated settlement funds. The debtor later substituted in as counsel for Mr. Gunnell.

Moving for summary judgment, Ms. Silas argued that she did not commit legal malpractice by abandoning the fraudulent concealment exception argument because it did not apply as a matter of law. Ms. Silas also argued that she did not misappropriate settlement funds because: 1) Mr. Gunnell had agreed to apply any settlement funds due him to the costs of the personal injury action; and 2) he had signed the settlement documents in her presence before a notary public and had signed

5

the back of the settlement check, endorsing it over to her.[6]

The trial court agreed with Ms. Silas, granting summary judgment in her favor. The appellate court affirmed the trial court's decision.

C. Ms. Silas' malicious prosecution action

Ms. Silas then filed a complaint against the debtor for malicious prosecution of the legal malpractice action. As part of her malicious prosecution cause of action, she asserted that the debtor lacked probable cause in prosecuting the legal malpractice action and that he prosecuted it with malice.

Specifically, Ms. Silas contended that the debtor continued to prosecute Mr. Gunnell's claim for misappropriation of settlement funds even though the debtor was shown copies of the signed and notarized settlement agreement and the endorsed settlement check.

Ms. Silas moreover argued that she did not erroneously abandon the fraudulent concealment exception argument because she determined that it did not apply based on the facts of Mr. Gunnell's personal injury action and prevailing California case law. She presented portions of Mr. Gunnell's depositions and trial testimony regarding his statements as to his knowledge of his injuries over the years. She also pointed out that the debtor had represented Mr. Gunnell at the depositions and in the

---

[6] Ms. Silas deposited the settlement check into her trust account. Once the settlement check cleared, she applied the settlement funds to the outstanding cost balance. As a courtesy, she also issued a $2,500 check to Mr. Gunnell, even though the costs of the case exceeded the settlement amount.

6

legal malpractice action.

At trial in the malicious prosecution action, the debtor opined that he would be committing malpractice if he conceded that Mr. Gunnell's case lacked merit. He believed that he had to proceed with it, otherwise he would have breached his duty to his client, Mr. Gunnell.

The debtor testified that he based the legal malpractice action on his contention that Ms. Silas should not have abandoned the argument on the fraudulent concealment exception. He believed that Johns-Manville was not controlling law as to the application of the fraudulent concealment exception in Mr. Gunnell's personal injury action. He admitted that he did not read all of Mr. Gunnell's testimony in the personal injury action.

Despite Ms. Silas' repeated requests that he withdraw the claim for misappropriation of settlement funds, the debtor refused to do so. He continued to press forward with Mr. Gunnell's claim for misappropriation of settlement funds because: 1) he believed that Ms. Silas did not disburse the settlement funds pursuant to her fee agreement with Mr. Gunnell; and 2) he believed that the settlement documents were not properly authenticated as they did not indicate that the notary public witnessed Mr. Gunnell signing them. However, the debtor disclosed that he did not investigate Mr. Gunnell's allegations regarding Ms. Silas' alleged misappropriation of settlement funds because he was focusing on his contention concerning her abandonment of the fraudulent concealment exception argument. He further admitted that he recognized Mr. Gunnell's signatures on

the settlement documents and the settlement check.

The debtor denied harboring any malice towards Ms. Silas. He claimed that he did not harass her in any fashion as she had counsel representing her.

Following closing argument, the jury was given the following instructions:

> Martina Silas claims that James Arden wrongfully brought a lawsuit against her. To establish this claim, Martina Silas must prove all of the following:
>
> (1) That James Arden was actively involved in bringing or continuing the lawsuit;
> (2) That James Arden acted primarily for a purpose other than succeeding on the merits of the claim;
> (3) That Martina Silas was harmed; and
> (4) That James Arden's conduct was a substantial factor in causing Martina Silas's harm.
>
> If you decide that James Arden's conduct caused Martina Silas harm, you must decide whether that conduct justifies an award of punitive damages. At this time, you must decide whether Martina Silas has proved by clear and convincing evidence that James Arden engaged in that conduct with malice or oppression. The amount of punitive damages, if any, will be decided later.
>
> "Malice" means that James Arden acted with intent to cause injury or that James Arden's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable consequences of his or her conduct and deliberately fails to avoid those consequences.
>
> "Oppression" means that James Arden's conduct was despicable and subjected Martina Silas to cruel and unjust hardship in knowing disregard of her rights.
>
> "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

The following additional instruction was given to the jury:

> Suits with the hallmark of an improper purpose include, but are not necessarily limited to, those in which (1) the person initiating them does not believe that the claim may be held valid; or (2) the proceedings are begun primarily because of hostility or ill will.

The jury rendered a verdict in Ms. Silas' favor. In the verdict

8

form, the jury answered a number of questions. Among them, the jury answered "yes" to this question: "Did James Arden act primarily for a purpose other than succeeding on the merits of the claim?" It also answered "yes" to this question: "Do you find by clear and convincing evidence that James Arden engaged in the conduct with malice or oppression?"

The jury awarded Ms. Silas $145,756 in legal fees and costs, $30,000 in non-economic damages and $125,000 in punitive damages.

The debtor moved for judgment notwithstanding the verdict, which the trial court denied. He appealed, but the appellate court affirmed the trial court's decision in a published opinion, Silas v. Arden, 213 Cal. App. 4th 75 (2013).

According to the appellate court,

> [t]o establish a cause of action for malicious prosecution, a plaintiff must prove that the underlying action was (1) terminated in the plaintiff's favor, (2) prosecuted without probable cause, and (3) initiated with malice.

Id. at 89 (citations omitted).

With respect to the element of probable cause, the appellate court explained that a court must determine, "in light of the facts known to counsel, whether any reasonable attorney would have thought the claim tenable. This is an objective standard. . . . [I]f the underlying claims were objectively tenable, the malicious prosecution claim fails, regardless of any evidence of malice on the part of the defendant." Id. at 90, quoting Sheldon Appel Co. v. Albert & Oliker, 47 Cal. 3d 863, 875 (Cal. 1989).

The appellate court determined that there was sufficient evidence supporting the jury's verdict on the element of probable

9

cause. The debtor lacked probable cause in prosecuting the legal malpractice claim against Ms. Silas in that: 1) the fraudulent concealment exception did not apply as a matter of law based on the holding in Johns-Manville and the fact that Mr. Gunnell was aware of his condition and its cause, which Mr. Gunnell had disclosed to a Metrocolor supervisor; and 2) the debtor continued to prosecute the claim for misappropriation of settlement funds, even after he was presented with the settlement documents and settlement check, which bore Mr. Gunnell's signatures.

As for the element of malice, the appellate court noted that this element went to "the defendant's subjective intent," though it was "not limited to actual hostility or ill will toward the plaintiff." Silas v. Arden, 213 Cal. App. 4th at 90. The appellate court explained that malice could exist

> where the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim. A lack of probable cause is a factor that may be considered in determining if the claim was prosecuted with malice . . . but the lack of probable cause must be supplemented by other, additional evidence. Since parties rarely admit an improper motive, malice is usually proven by circumstantial evidence. . . . [T]hat evidence must include proof of either actual hostility or ill will on the part of the defendant or a subjective intent to deliberately misuse the legal system for personal gain or satisfaction at the expense of the wrongfully sued defendant. Suits with the hallmark of an improper purpose are those where (1) the person initiating them does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely for the purpose of depriving the person against whom they are initiated of a beneficial use of his property; (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim.

Id. at 90-91 (citations omitted).

With respect to the element of malice, the appellate court

10

determined that sufficient evidence supported the jury's verdict. Id. at 92. According to the appellate court, the evidence demonstrated that the debtor had acted maliciously in instigating and continuing with the malicious prosecution action through

> [his] failure to investigate the merits of applicability of the fraudulent misrepresentation exception and his failure to withdraw allegations of misappropriation even when confronted with unequivocal evidence the allegations were not supported by the facts.

Id. at 92. Having concluded that the elements for malicious prosecution were met, the appellate court upheld the trial court's decision.

The debtor unsuccessfully petitioned the California supreme court to review the appellate court's decision. Ms. Silas' judgment in the malicious prosecution action against the debtor is final.

D.   Ms. Silas' § 523(a)(6) complaint

A month after the debtor filed his chapter 7 bankruptcy petition on June 7, 2013, Ms. Silas filed a complaint seeking to except the state court judgment from discharge under § 523(a)(6).[7]  She contended that the state court judgment must

---

[7] Ms. Silas also sought to except the state court judgment from discharge under § 523(a)(2) and to deny the debtor's discharge under §§ 707(b) and 727(a).  The debtor moved to dismiss these claims under Civil Rule 12(b)(6).

The bankruptcy court held a hearing on both Ms. Silas' summary judgment motion and the debtor's motion to dismiss.  As we describe more fully below, the bankruptcy court granted summary judgment as to Ms. Silas' claim under § 523(a)(6) only. It granted the debtor's motion to dismiss the claims under §§ 523(a)(2) and 707(b) with prejudice, and § 727(a) with leave
(continued...)

11

be given issue preclusive effect because it was based on an intentional tort requiring proof of malice, which constituted a willful and malicious injury within the meaning of § 523(a)(6).

The debtor filed his motion to dismiss the complaint under Civil Rule 12(b)(6) on the ground that Ms. Silas failed to allege facts showing that he had maliciously and willfully injured her within the meaning of § 523(a)(6). He argued that the malice requirement for malicious prosecution was not the same as the malice and willful requirements for § 523(a)(6). According to the debtor, to establish malice for malicious prosecution, the plaintiff must show that the injurious conduct was intended to cause injury or was carried out with a willful and conscious disregard of the rights or safety of others. The level of intent required for malicious prosecution did not satisfy that required for willful and malicious injury under § 523(a)(6).

Before filing her opposition to the motion to dismiss, Ms. Silas filed her summary judgment motion. She maintained that the state court judgment had issue preclusive effect because the requirements for malicious prosecution were the same as those for willful and malicious injury under § 523(a)(6).

With respect to the willfulness requirement, Ms. Silas asserted that, in California, "malicious prosecution [was] deemed **a willful act as a matter of law**." (Emphasis in original.) As for the malice requirement, she pointed out that the plaintiff

---

[7](...continued)
to amount.
To date, Ms. Silas has not amended her complaint as to her § 727(a) claim.

must prove that the defendant either had actual hostility or ill will or a subjective intent to misuse the legal system deliberately for personal gain at the plaintiff's expense.

The bankruptcy court held a hearing on both the motion to dismiss and the summary judgment motion. The bankruptcy court granted summary judgment in Ms. Silas' favor and denied the debtor's motion to dismiss as to her claim under § 523(a)(6). It concluded that issue preclusion applied because the requirements for malicious prosecution in California satisfied the requirements for willful and malicious injury under § 523(a)(6).

The bankruptcy court determined that the test for malice under California law for malicious prosecution was the "same or equivalent to [the test for] malice under § 523(a)(6)." It found that the debtor acted with malice and abused the court system by maintaining the malpractice action as leverage against Ms. Silas. It further noted that "the jury was instructed on malice in a way that [met] the standards under [§] 523(a)(6) as defined in the Ninth Circuit case law." The bankruptcy court also determined that the debtor acted willfully because he continued the legal malpractice action against Ms. Silas, despite knowing that he could not prevail given that he lacked both legal and factual support for it. It thus declined to retry the issue as to whether the debtor was liable for malicious prosecution.

The bankruptcy court entered an order denying the debtor's motion to dismiss on January 15, 2014. Three months later, it entered an order granting Ms. Silas' summary judgment motion. On the same day, it entered judgment excepting the jury award from discharge under § 523(a)(6).

13

The debtor timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I).  We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

1) Did the bankruptcy court err in denying the debtor's motion to dismiss the complaint as to Ms. Silas's § 523(a)(6) claim?

2) Did the state court judgment for malicious prosecution satisfy the elements of malice and willfulness for an exception to discharge under § 523(a)(6)?

3) Did the bankruptcy court err in granting Ms. Silas's summary judgment motion by giving issue preclusive effect to the state court judgment?

**STANDARDS OF REVIEW**

We review de novo the bankruptcy court's decisions to grant summary judgment, Szajer v. City of Los Angeles, 632 F.3d 607, 610 (9th Cir. 2011), and to deny a motion to dismiss for failure to state a claim, S.E.C. v. Colello, 139 F.3d 674 (9th Cir. 1998).

"'We review de novo whether a particular type of debt is nondischargeable as a willful and malicious injury under § 523(a)(6).'" Maaskant v. Peck (In re Peck), 295 B.R. 353, 360 (9th Cir. BAP 2003), quoting Tsurukawa v. Nikon Precision, Inc.

14

(In re Tsurukawa), 258 B.R. 192, 195 (9th Cir. BAP 2001). See also Carrillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002)("Whether a claim is nondischargeable presents mixed issues of law and fact and is reviewed de novo."). We review the bankruptcy court's conclusions of law and interpretation of provisions of the Bankruptcy Code de novo. Anwar v. Johnson, 720 F.3d 1183, 1186 (9th Cir. 2013), quoting Greene v. Savage (In re Greene), 583 F.3d 614, 618 (9th Cir. 2009).

We review de novo the bankruptcy court's determination that issue preclusion is available. See Miller v. County of Santa Cruz, 39 F.3d 1030, 1032 (9th Cir. 1994). If we conclude that issue preclusion is available, we review for abuse of discretion the bankruptcy court's application of issue preclusion to the state court judgment. Id. A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard or if it makes factual findings that are illogical, implausible or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011), citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

**DISCUSSION**

Before we launch into our analysis, we must set forth the legal standards that guide it.

A.   Applicable legal standards

   1.   Motion to dismiss

"In order to survive a motion to dismiss, a party must

15

allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" In re Fitness Holdings, Intern., Inc., 714 F.3d 1141, 1144 (9th Cir. 2013) ("Fitness Holdings"), quoting Telesaurus VPC, LLC v. Power, 623 F.3d 990, 1003 (9th Cir. 2010). See also Nordeen v. Bank of Am., N.A. (In re Nordeen), 495 B.R. 468, 477 (9th Cir. BAP 2013). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fitness Holdings, 714 F.3d at 1144, quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See also Nordeen, 495 B.R. at 477. In reviewing a denial of a motion to dismiss for failure to state a claim, we accept "'[a]ll well-pleaded allegations of material fact as true'" and construe them "'in the light most favorable to the non-moving party.'" Fitness Holdings, 714 F.3d at 1144, quoting Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013).

After reviewing her complaint, we determine that Ms. Silas has alleged facts sufficient to plead that the judgment she obtained against the debtor in the malicious prosecution action may be excepted from discharge under § 523(a)(6). We thus conclude that the bankruptcy court did not err in denying the debtor's motion to dismiss.

### 2. Summary judgment may be based on the issue preclusive effect of a state court judgment

When reviewing its decision on a summary judgment motion, we apply the same standards for summary judgment as the bankruptcy court. Summary judgment is appropriate when the record shows

16

that no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law. Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014). In making this determination, the bankruptcy court must view the evidence in the light most favorable to the non-moving party. Id. It must draw all justifiable inferences in the non-moving party's favor. Id.

A bankruptcy court may grant summary judgment based on the issue preclusive effect of an existing state court judgment. See Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001). In doing so, it must apply the forum state's issue preclusion law. Id. See also 28 U.S.C. § 1738. Here, California preclusion law applies.

In California, issue preclusion bars relitigation of an issue when: 1) the issue sought to be precluded is identical to that decided in a prior proceeding; 2) the issue was actually litigated in the prior proceeding; 3) the issue was necessarily decided in the prior proceeding; and 4) the decision in the prior proceeding is final and on the merits. Lucido v. Superior Court, 51 Cal. 3d 335, 341 (1990). Additionally, in California, issue preclusion may only be applied if it furthers underlying public policies. See id. at 343.

The party asserting issue preclusion bears the burden of establishing these requirements. Id. at 341. To do so, "[the] party must produce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action. Any reasonable doubt as to what was decided by a prior judgment should be resolved against allowing [issue preclusive]

17

effect." Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (9th Cir. BAP 1995), aff'd, 100 F.3d 110 (9th Cir. 1996).

3. The elements required to establish § 523(a)(6)

Section 523(a)(6) excepts from discharge debts arising from a debtor's willful and malicious injury to another person. Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 706 (9th Cir. 2008). We must analyze the willful and malice requirements separately, Carillo v. Su (In re Su), 290 F.3d 1140, 1146-47 (2002), and we must determine that both have been met, Ormsby v. First Am. Title Co. of Nev. (In re Ormsby), 591 F.3d 1199, 1206 (9th Cir. 2010).

"A 'willful' injury is a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Barboza, 545 F.3d at 706, quoting Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). To satisfy the willfulness requirement, it must be shown that the debtor either had "a subjective intent to harm or a subjective belief that harm is substantially certain." Su, 290 F.3d at 1144. When determining the debtor's intent under § 523(a)(6), there is a presumption that the debtor knows the natural consequences of his actions. Ormsby, 591 F.3d at 1206.

"A malicious injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" Su, 290 F.3d at 1146-47, quoting Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001). "Within the plain meaning of this definition, it is the wrongful act that must be committed intentionally rather than the injury itself." Jett v. Sicroff (In re Sicroff), 401 F.3d 1101, 1106 (9th Cir. 2005), citing Murray v. Bammer

18

(In re Bammer), 131 F.3d 788, 791 (9th Cir. 1997)("This four-part definition does **not** require a showing of biblical malice, i.e., personal hatred, spite, or ill will.  Nor does it require a showing of an intent to injure, but rather it requires only an intentional act which causes injury.").  "Malice may be inferred based on the nature of the wrongful act." Ormsby, 591 F.3d at 1206, citing Transamerica Comm. Fin. Corp. v. Littleton (In re Littleton), 942 F.2d 551, 554 (9th Cir. 1991)(determining that, in the case of conversion, malice may be inferred).

   4.   The elements required to establish malicious
        prosecution

In California, the common law tort of malicious prosecution provides a remedy for individuals subjected to maliciously instituted criminal and civil proceedings. See Sheldon Appel Co. v. Albert Oliker, 47 Cal. 3d 863, 871-72 (1989).  To establish a cause of action for malicious prosecution of a civil proceeding, the plaintiff must show "that the prior action (1) was commenced [or continued] by or at the direction of the defendant and was pursued to a legal termination in his [or her], plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated [or continued] with malice." Id., quoting Bertero v. Nat'l Gen. Corp., 13 Cal. 3d 43, 50 (1974)(internal quotation marks omitted).

"Probable cause . . . is a question of law that turns on whether the underlying claim was 'legally tenable, as determined on an objective basis.'" Tucker, 515 F.3d at 1031, quoting Padres L.P. v. Henderson, 114 Cal. App. 4th 495, 517 (2004).  Probable cause "is measured by the state of the defendant's

19

knowledge, not by his intent." Sheldon Appel Co., 47 Cal. 3d at 881, quoting Dir. Gen. v. Kastenbaum, 263 U.S. 25, 27-28 (1923) ("Kastenbaum"). The question ultimately is not whether the defendant believed the facts to constitute probable cause, but whether the court believes they did, an objective standard. Sheldon Appel Co., 47 Cal. 3d at 881, quoting Kastenbaum, 263 U.S. at 27-28.

"The 'malice' element of the malicious prosecution tort relates to the subjective intent or purpose with which the defendant acted in initiating the prior action." Estate of C. Delores Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1030 (9th Cir. 2008)("Tucker"), quoting Sheldon Appel Co., 47 Cal. 3d at 874 (internal quotation marks omitted). However, the malice required in malicious prosecution "is not limited to actual hostility or ill will toward [the] plaintiff but exists when the proceedings are instituted primarily for an improper purpose." Albertson v. Raboff, 46 Cal. 2d 375, 383 (Cal. 1956). See also Tucker, 515 F.3d at 1030, quoting Sierra Club Found. v. Graham, 72 Cal. App. 4th 1135, 1147 (1999)("Sierra Club").

The California Supreme Court has explained:

[T]he principal situations in which the civil proceedings are initiated for an improper purpose are those in which (1) the person instituting them does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely for the purpose of depriving the person against whom they are instituted of a beneficial use of his property; [or] (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim.

Albertson, 46 Cal. 2d at 383, quoting Rest., Torts § 676. Accordingly, in a malicious prosecution action, the proof **may or**

20

**may not** establish a willful intent to injure on the part of the defendant.

B.    Summary judgment in this appeal

On appeal, the debtor contends that the bankruptcy court erred in granting summary judgment in Ms. Silas' favor on her § 523(a)(6) claim based on issue preclusion.  He challenges the bankruptcy court's application of the first and third California elements for issue preclusion: 1) that the issue sought to be precluded is identical to that decided in the prior proceeding; and 2) that the issue was necessarily decided in the prior proceeding.[8]

With respect to the first issue preclusion element, he

---

[8] The debtor advances two additional arguments.  First, he contends that the bankruptcy court erred in relying on the determinations made by the state appellate court in its opinion, Silas v. Arden, 213 Cal. App. 4th 75 (2013), "in lieu of [the] proof of what happened at trial."  Reading the transcript of the hearing, we do not get a sense that the bankruptcy court relied on the background facts discussed in the state appellate court's opinion in making its determination.  In fact, the bankruptcy court told the debtor that it "relied on the materials submitted with them – with the briefs," which included not only the state appellate court's opinion, but also the jury instructions.  The bankruptcy court moreover indicated that it mostly relied on the jury instructions and Ms. Silas' brief.

The bankruptcy court also explained to the debtor that it was not a state appellate court.  If it looked behind the state court's decision, it would "be assuming that the state court was wrong."

Second, the debtor argues that the bankruptcy court merged issue preclusion with the Rooker-Feldman doctrine.  At the hearing, the bankruptcy court explicitly stated that it was not a state appellate court and could not review a state appellate court's decisions.  The bankruptcy court did not err in considering the state appellate court's analysis of California state law issues in this case.

argues that the state court judgment did not have issue preclusive effect because the malice requirement for malicious prosecution is not the same as the willful requirement for § 523(a)(6).

With respect to the second issue preclusion element, the debtor maintains that the bankruptcy court erred in refusing to consider evidence as to the debtor's subjective intent at the time he continued the legal malpractice action on Mr. Gunnell's behalf. He claims that the evidence would show that he did not intend to harm Ms. Silas in prosecuting the malicious prosecution action on Mr. Gunnell's behalf. Rather, he simply sought to carry out his duty as counsel to his client, Mr. Gunnell. He also believed that Mr. Gunnell had a meritorious malpractice claim against Ms. Silas.

He moreover argues that "it was impossible to know" from the jury instructions and the verdict whether the jury actually found that he had intended to cause Ms. Silas injury in filing the malicious prosecution action. In fact, the only instruction given to the jury concerning malice defined "malice" as either that "(1) [the debtor] intended to cause injury to [Ms.] Silas when he represented Mr. Gunnell or (2) [his] representation of [Mr.] Gunnell was despicable and done with knowing disregard of [Ms.] Silas' rights." Appellant's Opening Brief at 37. Also, the jury finding that the debtor had acted for a purpose "other than succeeding on the merits" did not describe what that purpose might have been. Appellant's Opening Brief at 38.

Comparing the elements of the California intentional tort of malicious prosecution with the requirements to establish a

willful and malicious injury excepted from the debtor's discharge under § 523(a)(6), we have no quarrel with the bankruptcy court's conclusion that the "malicious" element was established, but although we acknowledge that it is a very close question, we disagree that the "willful" standard was necessarily met. We thus conclude that the bankruptcy court erred in granting summary judgment in Ms. Silas' favor based on the issue preclusive effects of the state court judgment with respect to the § 523(a)(6) "willful injury" element.

As we explained above, in order to except a debt from discharge as a willful and malicious injury under § 523(a)(6), we must analyze the elements of willfulness and maliciousness separately, Su, 290 F.3d at 1146-47, and determine that **both** have been met, Ormsby, 591 F.3d at 1206. The § 523(a)(6) willfulness requirement involves **a deliberate or intentional injury**.

Willfulness is not a separate and distinct element of the tort of malicious prosecution, though it may be inferred from the debtor's intent in commencing or continuing litigation. Moreover, "'[m]erely because a tort is classified as intentional does not mean that any injury caused by the tortfeasor is willful.'" Ditto v. McCurdy, 510 F.3d 1070, 1078 (9th Cir. 2007), quoting Miller v. J.D. Abrams Inc. (In re Miller), 156 F.3d 598, 604 (5th Cir. 1998).

The state court judgment did not necessarily include findings of willfulness within the meaning of § 523(a)(6). The instructions to the jury did not ask specifically that the jury find that the debtor continued the legal malpractice action against Ms. Silas with a subjective intent to harm her. Rather,

23

the jury instructions asked the jury to determine whether the debtor "acted primarily for a purpose other than succeeding on the merits of the claim." The additional jury instructions did not require the jury to specify this purpose. Moreover, the verdict form merely repeated this instruction in the form of a question, to which the jury answered "yes."

One of the jury instructions stated that Ms. Silas must prove that the debtor's conduct was a substantial factor in causing her harm. But this instruction does not indicate whether the conduct was wrongful and was done intentionally. Moreover, the question in the verdict form asking if the jury found that the debtor "engaged in the conduct with malice or oppression" was in the disjunctive. The jury's simple "yes" did not determine definitely whether the debtor acted willfully.

The punitive damages instructions to the jury required the jury to determine whether the debtor's conduct was so reprehensible as to support a determination by clear and convincing evidence that the debtor acted with "malice or oppression," referencing "despicable conduct" as an applicable standard. As described in the instructions, "despicable conduct" is "conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people." Even so, as the Panel recently discussed at length in Plyam v. Precision Dev't, LLC, 530 B.R. 456, 464-70 (BAP 9th Cir. 2015), a California punitive damages award does not necessarily establish "willfulness" for § 523(a)(6) purposes. We conclude, on the record before us, that the issue of whether the debtor willfully injured Ms. Silas was not necessarily decided in the malicious

24

prosecution action.

**CONCLUSION**[9]

Based on our review of the record, Ms. Silas alleged facts sufficient to support her claim under § 523(a)(6). The bankruptcy court did not err in denying the debtor's motion to dismiss. We AFFIRM the bankruptcy court's order denying the debtor's motion to dismiss.

However, we VACATE and REMAND the bankruptcy court's order granting Ms. Silas' motion for summary judgment. Because the results in the malicious prosecution action did not establish the element of "willfulness" for § 523(a)(6) purposes, the state court judgment lacked issue preclusive effect. The bankruptcy court thus erred in granting summary judgment in Ms. Silas' favor on her § 523(a)(6) claim.

---

[9] While this appeal was pending, Ms. Silas filed a motion to sanction the debtor and his counsel for filing a frivolous appeal ("sanctions motion"). Because we conclude that the bankruptcy court erred in granting Ms. Silas' summary judgment motion, the debtor's appeal is not frivolous. We thus deny Ms. Silas' sanctions motion.